IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AZONIA HANEY**, | Civil Case No. 3:11-989-KI |
| Plaintiff, | TEMPORARY RESTRAINING ORDER |
| v. | |
| **BRIAN MOYNIHAN,** President/CEO of BAC Home Loans Servicing, LP**, JAMES F. TAYLOR,** President of ReconTrust Company, **BRIAN MOYNIHAN,** President/CEO of Bank of America, **ANGELO MAZILO,** President/CEO of Countrywide Home Loans, Inc., **R.K. ARNOLD,** President/CEO of Mortgage Electronic Registration Systems, Inc., **ED HALDEMAN,** President/CEO of Freddie Mac, | |
| Defendants. | |

Page 1 - TEMPORARY RESTRAINING ORDER

      Azonia Haney
      8707 SE 347th Ave.
      Boring, OR 97009

           Pro Se Plaintiff

KING, Judge:

      Plaintiff Azonia Haney filed a Motion for a Temporary Restraining Order [6] seeking to stop a trustee's sale of her property scheduled for September 2, 2011. For the following reasons, and for the reasons stated on the record at the hearing held on September 1, 2011, I grant plaintiff's motion. I enjoin the sale of 8707 SE 347th Avenue, Boring, Oregon 97009-9749 on September 2, 2011. The Temporary Restraining Order shall remain in effect until at least September 15 at 8:30 AM, at which time I have set a preliminary injunction hearing.

## BACKGROUND

      I previously dismissed plaintiff's Complaint for failure to state a claim. I permitted plaintiff to file an Amended Complaint by September 23, 2011 to correct the deficiencies in her initial Complaint.

      On August 31, 2011, plaintiff filed a Motion for a Temporary Restraining Order and an Affidavit in support of her Motion. In her motion she seeks an order restraining various individuals and entities from "selling, assigning, transferring, or conveying" her real property. She complains that individuals at BAC Home Loans Servicing, ReconTrust, Bank of America, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., and Freddie Mac are wrongfully foreclosing her property, among other claims.

On September 1, 2011, plaintiff appeared at a hearing on her motion. At the hearing she described confusion with the Court's order, indicating she believed she could file her Amended Complaint by September 23, 2011, and move for a temporary restraining order in the meantime.

Plaintiff additionally reported, and presented evidence, showing that she faxed her motion and affidavit to the parties identified in her Motion, including ReconTrust.

Finally, plaintiff informed the Court that the Notice of Default previously recorded against her property in 2010 was rescinded by ReconTrust on January 18, 2011. She presented evidence demonstrating that as of August 26, 2011, no new Notice of Default had been recorded in Clackamas County. She reported she received a Notice of Sale scheduling the sale for September 2, 2011.

## LEGAL STANDARDS

The standard for obtaining a temporary restraining order is generally the same as the standard for obtaining a preliminary injunction. The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

## DISCUSSION

I accept plaintiff's Motion for a Temporary Restraining Order as a statement of her claim for purposes of this proceeding. Plaintiff is directed to file and serve her Amended Complaint prior to the preliminary injunction hearing scheduled for September 15, 2011. Until then, I accept that the parties will be those identified in her Motion, and not those identified in her initial Complaint.

I find plaintiff is likely to succeed on the merits. I accept plaintiff's statements, made on the record at the hearing on September 1, that no Notice of Default has been recorded in Clackamas

County. She presented a printout from Clackamas County Recording from August 26, 2011 showing the previous Notice of Default filed in 2010 was rescinded on January 18, 2011, and that nothing has been recorded since that date. Pursuant to ORS 86.735, the trustee may foreclose a trust deed by advertisement and sale, but only if the trustee has filed a Notice of Default in the county clerk's office.

I also find plaintiff is likely to experience irreparable harm if her home is foreclosed upon. I find the balance of equities tips in plaintiff's favor and that this temporary restraining order is in the public interest.

I accept plaintiff's statement that she informed the named parties of this hearing. I am also satisfied by the documents plaintiff provided at today's hearing that she has notified ReconTrust of her request for this temporary restraining order. I also conclude that she will suffer immediate and irreparable injury if this temporary restraining order is not granted before the adverse party can be heard in opposition.

Accordingly, I enjoin the sale of 8707 SE 347th Avenue, Boring, Oregon 97009-9749 on September 2, 2011. The Temporary Restraining Order shall remain in effect until at least September 15 at 8:30 AM, at which time I have set a preliminary injunction hearing..

Pursuant to Federal Rule of Civil Procedure 65(c), I have considered the issue of security. I decline to require plaintiff to provide security as I am satisfied no harm will come to the property during the pendency of this temporary restraining order. I will reconsider the issue of security at the preliminary injunction hearing scheduled for September 15.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Temporary Restraining Order [6] is granted. I enjoin the sale of 8707 SE 347th Avenue, Boring, Oregon 97009-9749 on September 2, 2011. The Temporary Restraining Order shall remain in effect until at least September 15 at 8:30 AM, at which time I have set a preliminary injunction hearing. Plaintiff is directed to serve a copy of this order on all affected parties. Plaintiff is additionally directed to file and serve her Amended Complaint prior to the hearing on September 15. Until then, I accept that the defendants will be those identified in her Motion, and not those identified in her initial Complaint. The Clerk is directed to wait until plaintiff has filed her Amended Complaint to correct the docket identifying the proper defendants.

IT IS SO ORDERED.

DATED this   1st   day of September, 2011 at 11:30 AM.

        /s/ Garr M. King
        Garr M. King
        United States District Judge