IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**AZONIA HANEY**,

        Plaintiff,

  v.

**EDWARD P. O'KEEFE, acting in his capacity as a licensed attorney for the Bank of America, et. al.**,

        Defendants.

Civil Case No. 3:11-989-KI

OPINION AND ORDER
DISMISSING CASE

    Azonia Haney
    8707 SE 347th Ave.
    Boring, OR 97009

        Pro Se Plaintiff

KING, Judge:

Plaintiff Azonia Haney previously filed a Motion for a Temporary Restraining Order seeking to stop a trustee's sale of her property scheduled for September 2, 2011. I granted plaintiff's motion and directed that the temporary restraining order would remain in effect until at least September 15 at 8:30 AM, at which time I had set a preliminary injunction hearing.

Having now held a preliminary injunction hearing, and having heard from counsel for Bank of America and ReconTrust that the bank has cancelled the sale and will re-institute a new non-judicial foreclosure proceeding, complying with the required statutory procedures, I find no justification for entering a preliminary injunction. In addition, after reviewing plaintiff's Amended Complaint, I conclude that she has failed to state a claim for relief and, having already given her the opportunity to correct the deficiencies in her Complaint, I dismiss this action with prejudice.

**BACKGROUND**

I previously dismissed plaintiff's Complaint for failure to state a claim. I permitted plaintiff to file an Amended Complaint by September 23, 2011 to correct the deficiencies in her initial Complaint.

On August 31, 2011, plaintiff filed a Motion for a Temporary Restraining Order and an Affidavit in support of her Motion. In her motion she sought an order restraining various individuals and entities from "selling, assigning, transferring, or conveying" her real property. She complained that individuals at BAC Home Loans Servicing, ReconTrust, Bank of America, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., and Freddie Mac were wrongfully foreclosing her property, among other claims.

On September 1, 2011, plaintiff appeared at a hearing on her motion. At the hearing she described confusion with my order, indicating she believed she could file her Amended Complaint by September 23, 2011, and move for a temporary restraining order in the meantime.

Plaintiff additionally reported, and presented evidence, showing that she faxed her motion and affidavit to the parties identified in her Motion, including ReconTrust.

Finally, plaintiff informed me that the Notice of Default previously recorded against her property in 2010 was rescinded by ReconTrust on January 18, 2011. She presented evidence demonstrating that as of August 26, 2011, no new Notice of Default had been recorded in Clackamas County. She reported she received a Notice of Sale scheduling the sale for September 2, 2011.

I issued an Opinion and Order on September 1 accepting her motion as a statement of her claim for purposes of the proceeding. I directed plaintiff to file and serve her Amended Complaint prior to the preliminary injunction hearing scheduled for September 15. Until then, I accepted that the parties would be those identified in her motion, and not those identified in her initial Complaint. I concluded that plaintiff was entitled to a temporary restraining order as she presented evidence that no Notice of Default had been recorded in Clackamas County, in violation of ORS 86.735, and that she would suffer irreparable harm if no restraining order were issued.

On September 13, plaintiff filed a "Complaint" against numerous defendants, including individuals representing Bank of America and ReconTrust, but also naming Timothy Geithner, Amanda Fritz, General Motors Acceptance Corporation, Goldman Sachs & Co., International Council for Local Environmental Issues, the Internal Revenue Service, the International

Monetary Fund, Henry Kissinger, John Kitzhaber, Oregon Public Employees' Retirement System, and others. She references the Racketeer Influenced and Corrupt Organizations Act ("RICO"). She asks the Court to proceed as a "territorial administrative court," she suggests her due process rights were suspended by the Patriot Act "by and through the system of electronic virtual monies," she attempts to incorporate by reference the complaints filed by other individuals, she reports that the government of Norway has initiated an investigation of Countrywide, she incorporates a "legal statement" purportedly from KPMG International, and she seeks special damages, general damages, treble damages, and punitive damages. Am. Compl. 3, 4.

Plaintiff faxed a letter to the Court on September 14 reporting that Clackamas County records were not up-to-date; the County had not yet scanned documents from July. She indicated that she was asking the Medford Division to review her case and requested that the telephone conference be postponed.

On September 15, the Court held the preliminary injunction hearing by telephone. Plaintiff informed the Court that she did not wish to speak and she hung up. She neglected to provide the Court with her most recent phone number and the Court had no ability to contact her. A representative for Bank of America and ReconTrust appeared by phone.

The representative informed the Court that the Court had correctly described the record in its Temporary Restraining Order, that the Trustee had failed to record a Notice of Default, and that the bank would be cancelling the sale. It also indicated that it would be re-instituting new non-judicial foreclosure proceedings, but not before February of 2012.

**LEGAL STANDARDS**

The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 555 U.S. 7, 20 (2008).

In addition, Federal Rule of Civil Procedure 8(a) states:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In addition, "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences

from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (internal citations omitted)).

## DISCUSSION

As an initial matter, the Court declined to postpone the telephone conference because the temporary restraining order was scheduled to expire by operation of rule today. Plaintiff was entitled to a preliminary injunction hearing to determine whether she had the right to a continued injunction stopping the non-judicial foreclosure sale of her house. Additionally, the Local Rules require that cases arising within Clackamas County "must be filed in Portland." LR 3-2(a)(1) and 3-3(a). Since this case arose in Clackamas County, where plaintiff's property is located, the Court saw no reason to delay the preliminary injunction hearing pending any review in Medford.

At the preliminary injunction hearing, the representative from Bank of America and ReconTrust reported to the Court that the bank will be cancelling the sale, now scheduled for October 3, 2011. As a result, plaintiff's request for a preliminary injunction is moot as she can no longer demonstrate irreparable harm. The representative reported that the bank would re-institute a new non-judicial foreclosure proceeding, but not before February of 2012. The temporary restraining order expires today and the Court denies plaintiff's motion for the entry of a preliminary injunction.

Finally, plaintiff's Amended Complaint referencing RICO does not meet any of the requirements of Federal Rule of Civil Procedure 8. As was the problem with her initial

Complaint, I am unable to understand what trouble plaintiff wants the court to address and how the defendants caused that trouble. Plaintiff does not describe the foreclosure proceedings, does not seek relief related to the foreclosure proceedings, and does not identify the "racketeering activity" that forms the basis of any RICO claim. See 18 U.S.C. §§ 1962(c), 1961.

Since plaintiff failed to comply with my explicit direction to follow the rules and state concisely how she has been damaged and how each defendant caused the damage, I find she has failed to state a claim. Additionally, I find it impossible for plaintiff to cure the failures in her Amended Complaint and I dismiss this case with prejudice. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is denied. Plaintiff has failed to state a claim in her Amended Complaint and this action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this    15th    day of September, 2011.

>  /s/ Garr M. King
> Garr M. King
> United States District Judge